UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MANUEL SILVAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:12 CV 139 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Manuel Silvas, a prisoner currently participating in the Indiana Department of Correction ("IDOC") Community Transition Program, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing at the Westville Correctional Facility ("WCF"). On December 13, 2011, WCF Correctional Officer Buckman observed Silvas run out of the clothing room carrying a bag. Officer Buckman ordered Silvas to come to him, but instead, according to Officer Buckman, Silvas started running. According to Officer Buckman's account of the incident, another officer searched the bag when Silvas got to his dormitory, and found that it contained eight pairs of new underwear.

Based on his observations, Officer Buckman wrote a conduct report against Silvas for unauthorized possession of property B-215, which was assigned the number WCC-11-12-0380 (DE # 12-1.) On December 16, 2011, a disciplinary hearing officer found Silvas guilty of unauthorized possession of property, and imposed a commissary restriction and a loss of twenty days of earned credit time (DE # 12-5.) Silvas appealed

unsuccessfully to the WCF Superintendent and the IDOC final reviewing authority (DE # 12-6.)  The final reviewing authority changed the charge of which Silvas had been found guilty from B-215 to B-235, and left the sanctions unchanged (DE # 12-6 at 4.) The Respondent has filed a response to the order to show cause and has submitted the administrative record of the proceedings against Silvas.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present exculpatory evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There also must be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Silvas presents four grounds in his petition for writ of habeas corpus. In ground four, he states that during his institutional appeal, "higher reviewing authority Michael Barnes changed my conduct report from a code #215 to a code #235 without me being screen[ed] or having a hearing" (DE # 1 at 5.) Silvas alleges that this violated IDOC policy and the Constitution's Fourteenth Amendment. The Respondent states that "DOC policy allows modification of charges to same or lesser levels" (DE # 12 at 10), but the question before the Court is whether changing the charge, after the hearing,

from unauthorized possession of property to fleeing or resisting staff violates the due process protections established by *Wolff v. McDonnell.*

The Fourteenth Amendment's due process clause guarantees prisoners advance written notice of the charges against them "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell*, 418 U.S. at 564. The Seventh Circuit, has stated that a prisoner "has a right to notice of the charges against him 'in order to inform him of the charges and to enable him to marshal the facts and prepare a defense.'" *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995) (quoting *Wolff v. McDonnell*, 418 U.S. at 564). Prison officials may change the charge after the conduct report is written, so long as the new charge also conforms to the factual basis of the old charge as stated in the conduct report. For example:

> . . . *Wolff v. McDonnell* does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, **the factual basis for both was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense.**

*Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (emphasis added).

The IDOC final reviewing authority changed the charge against Silvas from B-215 to B-235. Adult Disciplinary Policy ("ADP") Code B-215 is "Unauthorized possession, destruction, alteration, damage to, or theft of state property or property belonging to another" (DE # 12-7 at 4.) ADP Code B-235 is "Fleeing/Resisting," which is defined as "fleeing or physically resisting a staff member in the performance of

his/her duty" (DE # 12-7 at 5.) While Officer Buckman wrote in the conduct report that Silvas fled when he ordered Silvas to come to him, the conduct report did not charge Silvas with fleeing — it charged him with possession of property (underwear) that he allegedly took from the clothing room. The charge as altered after the hearing on appeal relied on the allegation that Silvas fled from the scene, rather than the allegation that he possessed underwear he was not authorized to possess.

While the Respondent argues that this situation is within the holding of *Holt v. Caspari*, this Court concludes that it is not. In *Holt*, the petitioner was found in possession of Valium and was originally charged with "possession of contraband" in violation of Rule 24 but, at the hearing, the disciplinary committee increased the charge to "possession of dangerous contraband" in violation of Rule 3. *Holt v. Caspari*, 961 F.2d at 1373. The court held that "the factual basis for both [charges] was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense." *Id.*

But nothing in the charge of Unauthorized possession, destruction, alteration, damage to, or theft of state property or property belonging to another gave Silvas notice that he should contest Officer Buckman's statement that he fled from the vicinity of the clothing room after being ordered to report to Officer Buckman. In this case, unlike the situation in *Holt*, the factual basis for the two charges is not the same, and the charge on the conduct report (that he possessed property without proper authorization) did not give Silvas notice that he needed to present evidence that he did not flee from Officer Buckman.

Officer Buckman could have charged Silvas with fleeing, but he did not. And because he did not charge Silvas with fleeing, Silvas was not placed on notice that he needed to marshal the facts and prepare a defense against the allegation that he fled from Officer Buckman. Also, and of equal importance, the hearing officer did not find that Silvas fled from Officer Buckman, the hearing officer merely found that the evidence supported a finding that Silvas possessed property without authorization. Accordingly, changing the charge after the hearing from B-215, "unauthorized possession of property," to B-235, "fleeing/resisting," violated the holding in *Wolff v. McDonnell* that guarantees prisoners advance written notice of the charges against them "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell*, 418 U.S. at 564.

This Court will grant the Petitioner's petition for a writ of habeas corpus based on the failure to give Silvas notice that he needed to defend against a charge of fleeing, and will order the IDOC to restore the twenty days of earned credit time that Silvas lost as a result of this disciplinary action. Because the Court concludes that Silvas is entitled to relief on ground four, it will not address the other claims presented in his petition.

The Court will, however, afford the Respondent the opportunity to bring charges of fleeing under ADP Code B-235 against Silvas and conduct another hearing, allowing him the opportunity to defend against that charge. But if the return of the twenty days of earned credit time means that Silvas is entitled to immediate release or a release in the near future, the IDOC must release Silvas on schedule. The IDOC may not hold

5

Silvas past his scheduled outdate in order to conduct a hearing.

For the foregoing reasons, the Court **GRANTS** the Petitioner's petition for writ of habeas corpus (DE # 1), and **ORDERS** the Respondent to set aside the finding of guilt in WCC-11-12-0380 and to restore the twenty days of earned credit time that was taken from the Petitioner as a result of that disciplinary proceeding. The Court **AFFORDS** the Respondent the opportunity to file disciplinary charges of "fleeing" against the Petitioner under ADP Code B-235 and to conduct another hearing, allowing the Petitioner the opportunity to defend against that charge. But if the restoration of the twenty days of earned credit time entitles the Petitioner to immediate release or release in the near future, then the Indiana Department of Correction must release Silvas on schedule. The Court **DIRECTS** the clerk to fax a copy of this order to the Commissioner of the Indiana Department of Correction, and send him a certified copy of this order by mail.

**SO ORDERED.**

Date: November 16, 2012

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

cc: Petitioner  
    Indiana Attorney General  
    Commissioner, Indiana Department of Correction